IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ubong Chrisopher Ubokudom,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Walmart Inc.,<br><br>　　　　　Defendant. | C/A No. 3:25-cv-3431-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Ubong Christopher Ubokudom, proceeding pro se, filed this products liability action against Defendant Walmart Inc., alleging Defendant sold him tainted Lunchables. Defendant moved for judgment on the pleadings. [ECF No. 28.] This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending Defendant's motion be granted. [ECF No. 56.] Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 6. Plaintiff objects to the recommendation. [ECF No. 61.] The court has also received a reply from Defendant in support of the Report. [ECF No. 64.] For the reasons that follow, the court adopts the Report and grants Defendant's motion to for judgment on the pleadings.

**REVIEW OF A REPORT AND RECOMMENDATION**

　　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The Report details the relevant facts and applicable law, and the court incorporates that discussion without a full recitation. Briefly, in the operative complaint,[1] Plaintiff alleges he purchased a "defective" product, a "Lunchables Chicken Dunks Kids Lunch Meal Kit" from Defendant on January 24, 2025. *See* ECF No. 14. Defendant moves to dismiss Plaintiff's complaint, arguing the complaint fails to allege facts sufficient to plead a products liability or negligence claim.[2] *See* ECF No. 28. Under South Carolina law, a plaintiff must establish three elements in a products liability action: "(1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant." *Rife v. Hitachi Const. Machinery Co., Ltd.*, 609 S.E.2d 565, 568 (S.C. Ct. App. 2005).

The magistrate judge recommends dismissal because Plaintiff has failed to plead how the Lunchables was toxic or defective or how any defect caused his alleged illness. Although Plaintiff labels the Lunchables as "toxic" and "adulterated," he does not identify a specific toxin or other defect to support his claims. The magistrate judge explains such threadbare recitations of statutory elements do not satisfy the federal pleading standard. [ECF No. 56 at 4 (citing Fed. R. Civ. P. 8 (requiring a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating Rule 8 does not require

---

[1] The Report explains Plaintiff amended his complaint once in state court before removal. *See* ECF No. 56 at 1. And he has amended his complaint once in this court, as well. *Id.* at 1–2. So the operative complaint is the second amended complaint. *Id.*

[2] Because Plaintiff did not address Defendant's argument regarding negligence, the magistrate judge considered that claim to be abandoned and recommended it be dismissed, as well. *See* ECF No. 56 at 3 n.3. The court agrees.

detailed factual allegations but requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding that a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action")).]

Prior to the issuance of the Report, Plaintiff moved to amend his complaint to assert that Defendant targeted him with a toxic Lunchables based on his race. *See* ECF No. 35. But the magistrate judge denied that motion, finding Plaintiff had not shown good cause for failing to raise the issue in any prior amended complaints and further concluding that amendment would be futile given his repeated failure to cure deficiencies. [ECF No. 56 at 5 (citing ECF No. 43).]

Plaintiff objects to the Report. [ECF No. 61.] He also moves to amend his complaint to raise claims concerning a Sam's Club in Michigan and to add his daughter as a Plaintiff. [ECF Nos. 60, 67.] He claims that she, too, was injured by the food sold by Defendant and that both Plaintiff and his daughter have been targeted based on their race. *Id.*

The court denies Plaintiff's motion as untimely and futile for the same reasons discussed above. *See* ECF No. 43 at 4–9. Further, the Fourth Circuit has explicitly held "that non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 405 (4th Cir. 2005).

Turning to Plaintiff's objections, he repeats his conclusory allegations that he has met the pleading standard. *See* ECF No. 61. But he again fails to cure the deficiencies in his complaint—his claims continue to recite the elements of a products liability claim without sufficient factual allegations.

Plaintiff also cites cases, including discrimination and products liability cases, to argue such claims should proceed to hold businesses accountable. But the court is not dismissing

Plaintiff's case because such claims are not recognized in federal court. Rather, his claims are being dismissed because his pleadings fail to allege sufficient facts to support them.[3] *See* ECF No. 56 at 4. Accordingly, the court overrules Plaintiff's objections in their entirety and grants Defendant's motion for judgment on the pleadings.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record, the court overrules Plaintiff's objections, adopts the Report, ECF No. 56, and incorporates it by reference herein. Defendant's motion for judgment on the pleadings, ECF No. 28, is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motions to amend, ECF Nos. 60, 67, are **DENIED**. His motion for issuance of subpoenas, ECF No. 32, is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

September 30, 2025                         Sherri A. Lydon
Columbia, South Carolina                   United States District Judge

---

[3] Notably, in his discussion of various cases, Plaintiff identifies what substances—asbestos, botulism, E. coli—in various products caused specific injuries to consumers. The facts alleged in Plaintiff's own complaint are not nearly as robust.